UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WESLEY HUNT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:07-CV-375 RM |
| | ) | |
| BERNARD FREEMAN, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

James Hunt, a Federal pretrial detainee currently confined at the Metropolitan Correctional Center in Chicago, Illinois, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was confined at the Lake County Jail in Crown Point, Indiana. Mr. Hunt filed his original complaint naming Lake County Sheriff Roy Dominguez, Jail Warden Bernard Freeman, United States Marshal David Murtaugh, and Director of the United States Marshals Service John Clark as defendants. He filed an amended complaint (docket #9), which replaced the original complaint, adding jail officials Crag Ponton, John Zenone, Jennifer Malenshek, and Deborah Stack, and Nation, an agent of the U.S. Marshals Service, as defendants. Mr. Hunt also filed a second amended complaint (docket #16), which the court is treating as a supplemental complaint pursuant to FED. R. CIV. P. 15(d).

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

> providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Hunt brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Hunt seeks damages for conditions of confinement he endured at the Lake County Jail while confined there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, *id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. <u>Farmer v. Brennan</u>, 511 U.S. at 832. But conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. <u>Adams v. Pate</u>, 445 F.2d 105, 108-109 (7th Cir. 1971). In <u>Martin v. Tyson</u>, the court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. To make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here." <u>Martin v. Tyson</u>, 845 F.2d at 1457 (citations omitted).

Mr. Hunt's amended complaint presents four issues. His first issue deals with Methicillin-Resistant Staphylococus Aureus Infection ("Staph infection"), which he asserts was a serious medical problem at the Lake County Jail. He alleges that conditions jail officials established or tolerated — including overcrowding, poor sanitation and inmate hygiene, lack of education for inmates, and poor medical practices by the medical staff — made it more likely that Staph infection could spread from one inmate to another. He

further alleges that the Lake County Jail did not provide adequate and effective treatment for inmates with Staph disease.

Mr. Hunt alleges that jail officials housed him with inmates who had Staph infection and that his "life was placed at an increased risk of becoming contaminated by the potentially deadly disease . . . I could have easily caught this disease from the surfaces inside the cell." (Amended Complaint, Statement/Scientific Evidence at p. 6). At the end of his amended statement of claim, Mr. Hunt asserts that "I firmly believe that my life is in danger from these conditions" and that "many other inmates have become" victims of this disease. (Amended Statement of Claim at p.12).

The constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. at 298, quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A plaintiff asserting an Eighth Amendment claim must show that objectively, the alleged deprivation was sufficiently serious to rise to the level of a constitutional violation, and subjectively, that the defendant acted with deliberate indifference. Farmer v. Brennan, 511 U.S. at 834. Mr. Hunt alleges that Lake County Jail officials created or tolerated conditions at the jail that were conducive to the spread of Staph infection, which placed him at an increased risk of catching this deadly disease. But while he may have been at risk of contracting Staph infection, he says he didn't become infected while he was at the jail — though he alleges others did. The inmates who contracted Staph infection at the Lake County Jail may have claims upon which relief can be granted against jail officials, but Mr. Hunt has suffered no actual harm and may not

assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. See Elk Grove Unified School District v Newdow, 542 U.S. 1, 12 (2004).

Mr. Hunt doesn't ask for injunctive relief correcting the conditions of which he complains; he asks only for damages in the amount of five million dollars. But even had he sought injunctive relief, his claim would be moot because if a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996), quoting Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1988).

Issue two of Mr. Hunt's amended complaint, as supplemented by the second amended complaint, deals with access to the courts. He alleges that while he was at the jail, the defendants denied him scribe materials, postage, and packaging for a complaint he wanted to file in the United States District Court for the Northern District of Georgia dealing with second-hand smoke he was subjected to while he was at a confinement facility in Atlanta, Georgia. According to his supplemental complaint, "[a]t issue was a massive prisoner complaint that contained 300 plus pages of statement of claim, 400 plus pages of exhibits, and a 709 page report by the Surgeon's (sic) General which contained the scientific evidence in this case." (Docket #16, Amended Statement at p. 1).

When the defendants didn't cooperate in enabling him to mail this "massive prisoner complaint," he says, he sold his dinner and lunch trays for 30 days to get the

necessary envelopes and postage. He alleges that for 30 days he "had to live on breakfast meals, which consist[ed] of a single box of cereal, a carton of milk, and a single Hostess Twinkie." (Amended Statement of Claim, Issue 2 at p 2).[1]

To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by Bounds v. Smith, 430 U.S. 817 (1977), and show that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds v. Smith did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" Lewis v. Casey, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986).

Mr. Hunt asserts that the defendants' actions constituted more than delay or inconvenience, that they completely denied him access to the courts, and that he suffered actual harm. At the outset, the court notes that Mr. Hunt's insistence on filing a complaint that was over fourteen hundred pages long, including over four hundred pages of exhibits, and a 709 -page Surgeon General 's report was wasteful, unnecessary, and may have contributed to the defendants' unwillingness to foot the bill. "Federal Rule of Civil

---

[1] Mr. Hunt suggests that the denial of materials necessary to mail the second hand smoke complaint was continuing problem that first began at the Hammond City Jail, continued while he was at the Porter County Jail, and culminated at the Lake County Jail. He suggests that he also had to sell his meals at the Porter County Jail.

Procedure. 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1964. A 300-page statement of claim in a single issue complaint, by definition, can't be considered a "short plain statement," and the exhibits and surgeon general's report certainly didn't need to be submitted along with the complaint. At some point in the litigation, at trial or in response to a motion for summary judgment, Mr. Hunt might need to submit exhibits — but they serve no purpose at the pleadings stage. Mr. Hunt should have been able to file his complaint in a letter sized envelope with a 41 cent stamp.

Mr. Hunt asserts that the defendants' actions were more than a delay or inconvenience. But to cause constitutional harm, the defendants would have had to delay Mr. Hunt past the statute of limitations, or cause him never to be able to file his complaint for some other reason. Mr. Hunt doesn't suggest that the defendants' actions put him at risk of missing the statute of limitations, and he attached a letter to his supplemental complaint, dated December 11, 2007, from the clerk of the United States District Court for the Northern District of Georgia advising Mr. Hunt "[t]his [letter] will acknowledge receipt of your complaint. We have this day filed your documents (all ten envelopes)." (Docket # 16-8). Thus, the record establishes that while the defendants might have made things difficult for Mr. Hunt and delayed the filing of his massive complaint, the complaint was filed within the statute of limitations and would have probably been within the statute of limitations if he had waited until he got to the Metropolitan Correctional Center to file it. That Mr. Hunt might have elected to sell food to other inmates to support his habit of filing

8

outsized complaints containing surplusage does not constitute Constitutional harm.

In issue three of his amended complaint, Mr. Hunt alleges that:

> The administration of the Lake County Jail has only provided me one (1) tube of toothpaste, in the whole time that I've been housed here. This tube of toothpaste is only good enough for one week's use. I have also not been provided with any other toothbrush, other than the one given to me in the original indigent kit that I requested. I have not been able to keep up my oral hygiene, and my teeth have been decaying and rotting as a direct result of the lack of toothpaste and a toothbrush.

(Amended Statement of Claim, Issue three at p. 1). Mr. Hunt says he tried to get additional "cosmetic packs" but was told "that inmates are only allowed to receive (1) one indigent supply pack of cosmetics, and only upon the first 30 days of being" at the jail. (*Id.*).

Mr. Hunt asserts that he was indigent and unable to purchase his own toothbrush and toothpaste, that the jail did not supply him with toothpaste, and as a result he suffered harm. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Hunt can prove no set of set of facts consistent with his claim that he was indigent and that he suffered actual harm from the jail's refusal to give him the means to maintain his oral hygiene.

In issue four of his amended complaint, Mr. Hunt asserts that "[t]he meals that are served at the jail are extremely small in portion sizes, and they are not nutritious, and are not a balanced diet." (Amended Statement of Claim Issue three at p. 2). He says inmates

with money can buy food from the commissary to supplement their meals, but "indigent inmates (like me) will nearly starve to death as a result of the lack of food." (*Id.*). He states that because of the unhealthy food and diminutive portions served to him he suffered a substantial weight loss.[2]

The constitution requires that inmates receive adequate amounts of nutritious food, See Farmer v. Brennan, 511 U.S. at 832. Giving Mr. Hunt the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that the jail has denied him an adequate, nutritional, and balanced diet over a long period of time, causing him actual injury.

Mr. Hunt names nine defendants, three of whom are federal officials ("federal defendants"). Because these defendants didn't act under color of state law, Mr. Hunt may not bring a § 1983 claim against them, but he may bring claims that federal officers violated his Constitutional rights in a Bivins action. *See* Bivins v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Section 1983 creates a cause of action for damages based on personal liability. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The same is true of Bivins actions against federal officials. Ghandi v. Police Department of the City of Detroit, 747 F.2d 338 (6th Cir. 1984). A person cannot be held liable under § 1983 or in a Bivins action unless the person was personally involved in the alleged wrongdoing. The federal defendants weren't responsible for operating the Lake

---

[2] Mr. Hunt suggests elsewhere in his amended complaint that he traded food for legal work while he was at the Lake County Jail, which may have impacted his weight.

County Jail, and didn't set the policies regarding meals and oral hygiene that Mr. Hunt alleges harmed him; indeed, it is not clear that Mr. Hunt intended to name these defendants in issues two and three (he only discusses them in issue two, which the court has concluded states no claim upon which relief can be granted). To the extent Mr. Hunt seeks to name the federal defendants in issues three and four, he would have to rely on the doctrine of *respondeat superior* to hold them responsible for actions by jail officials on the theory that they should have known of the conditions at the Lake County. But the doctrine of *respondeat superior*, under which a person may be held liable for his subordinates' actions, has no application to § 1983 or Bivins actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Ghandi v. Police Department of the City of Detroit, 747 F.2d at 344.

    Mr. Hunt names six Lake County Jail officials as defendants, Sheriff Roy Dominguez, Warden Bernard Freeman, Deputy Wardens Craig Ponton, John Zenone, and Jennifer Malenshek, and Custody Officer Deborah Stack. Defendants Ponton, Zenone, Malenshek, and Stack are only mentioned in issue three, dealing with access to courts, and it isn't clear that Mr. Hunt intended to name them as defendants in issues three and four. In any event, the claims in issues three and four that survived screening deal with jail policies that would have been established by high level officials such as the Sheriff or Jail Warden. Accordingly, the court will dismiss defendants Ponton, Zenone, Malenshek, and Stack, and will allow Mr. Hunt to proceed against defendants Dominguez and Freeman for damages in their individual and official capacities.

    For the foregoing reasons, the court:

11

(1) GRANTS the plaintiff leave to proceed against defendants Roy Dominguez and Bernard Freeman in their individual and official capacities for damages on the plaintiff's claim in issue three that he was indigent and that he suffered actual harm from the jail's refusal to give him the means to maintain his oral hygiene and on his claim in issue two that he was not been afforded an adequate, nutritious, and balanced diet;

(2) DISMISSES all other claims and defendants pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS defendants Dominguez and Freeman to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Dominguez and Freeman on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons, amended complaint (docket #9) and supplemental complaint (docket #16).

SO ORDERED.

ENTERED: April  28 , 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court