UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JAMES WESLEY HUNT, | ) |
| --- | --- |
| Plaintiff | ) |
| v. | ) CAUSE NO. 2:07-CV-375 RM |
| BERNARD FREEMAN, *et al.*, | ) |
| Defendants | ) |

## OPINION AND ORDER

James Hunt submitted a complaint under 42 U.S.C. § 1983, alleging that federal officers and Lake County Jail officials violated his federally protected rights while he was confined at the jail as a federal pretrial detainee. The court granted Mr. Hunt leave to file an amended complaint and treated a second amended complaint as a supplemental complaint. The court screened his complaints pursuant to 28 U.S.C. § 1915A, allowed Mr. Hunt to proceed against Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman for damages on his "claim in issue three that he was indigent and that he suffered actual harm from the jail's refusal to give him the means to maintain his oral hygiene and on his claim in issue two that he was not . . . afforded an adequate, nutritious, and balanced diet," (docket #31 at p. 12), and dismissed all other claims and defendants. The defendants have filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, asserting that Mr. Hunt didn't exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); Mr. Hunt hasn't responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Under 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). "Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. § 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), quoting Porter v. Nussle, 534 U.S. 516, 122 (2002). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal

of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 , 1034 (7th Cir. 2000).

Tthe defendants submit the affidavit of Assistant Jail Warden Christopher McQuillin and a copy of the Lake County Jail Inmate Handbook. The defendants' submissions establish that the Lake County Jail had a grievance procedure in effect while Mr. Hunt was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that the jail's records show that:

> During his incarceration at the Lake County Jail from September 27, 2007 to January 10, 2008, James Wesley Hunt never filed a written grievance with the Deputy Warden, or any written appeal of a grievance with the Warden or Sheriff, pursuant to the grievance procedure contained in Section XVI(B) of the *Lake County Jail Inmate Handbook*.

(Docket #72-2, McQuillin affidavit, ¶ 11).

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Hunt to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a fact finder to decide in his favor the question of whether he exhausted his administrative remedies on the claims he raises in his amended complaint. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Although in docket #73, the defendants provided Mr. Hunt with an extensive warning, pursuant to Kincaid v. Vail, 969 F.2d 594 (7th Cir. 1992), Timms v. Frank, 953 F.2d 281 (7th Cir. 1992), and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their dispositive motion, Mr. Hunt hasn't responded. Because he hasn't come forth with admissible evidence that he grieved the jail's alleged refusal to give

3

him the means to maintain his oral hygiene or his claim that he was not afforded an adequate, nutritious, and balanced diet, Mr. Hunt has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #71), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: May  6 , 2009

                                           /s/ Robert L. Miller, Jr.
                                           Chief Judge
                                           United States District Court

cc: J. Hunt
    C. McCloskey/J. Kopack